```
                IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS
```

LAWRENCE D.
KENEMORE JR.,

          **Petitioner,**

      v.                              CASE NO. 10-3101-RDR

C. CHESTER,
et al.,

          **Respondents.**

## MEMORANDUM AND ORDER

This action, entitled a "Petition, Application for Temporary Restraining Order and Injunctive Relief", was filed by an inmate of the United States Penitentiary, Leavenworth, Kansas. Plaintiff does not allege a jurisdictional basis for this action. He sues federal prison officials claiming he was denied a BP-8 administrative grievance form, and seeks injunctive relief.

As the factual background for this action, plaintiff alleges as follows. On May 4, 2010, he informed "Defendant Counselor Swanson" that he "needed a BP-8 informal resolution administrative procedure form." Defendant Swanson asked plaintiff why the form was needed and said he would not provide the form if plaintiff did not tell. Plaintiff alleges he has been "unable to receive" a BP-8 form because of "the blocking of this procedure by defendant Swanson".

Based on these facts, plaintiff claims that defendant Swanson "violated 28 C.F.R. Part 542" and "attempted to interfere with the Administrative Procedure Program". He argues that nothing "in 28 C.F.R. Part 542 allows" any "person involved in the Administrative Remedy Process to ask what the form is for prior to giving" the form to an inmate. He further argues that defendant Swanson acted "on the direction of" defendants Chester and Rangel, and stated his

action was "based on the Leavenworth way" of handling grievances, rather than the Bureau of Prisons way. Plaintiff asserts he has a right to participate and interest in the Administrative Remedy (AR) Program without interference. He asks the court to issue a temporary restraining order requiring defendants to supply him with AR forms as needed upon request and without interference. Alternatively, he asks this court to extend the time limits for his administrative remedy.

**FILING FEE**

In order to proceed in an action in federal court, the statutory filing fee must be satisfied. The fee for filing a civil rights complaint is $350.00. The filing fee for a petition for writ of mandamus is $5.00. Plaintiff has submitted a motion to proceed without prepayment of fees (Doc. 3). He is forewarned that under 28 U.S.C. § 1915(b)(1), being granted leave to proceed without prepayment of the statutory fee does not relieve a plaintiff in a civil rights action of the obligation to pay the full amount of the filing fee. Instead, it merely entitles him to pay the fee over time through payments automatically deducted from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2)[1]. Furthermore, 28 U.S.C. § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit not only a poverty affidavit, but also a "certified copy of the trust fund account

---

[1] Pursuant to §1915(b)(2), the prisoner must pay the full amount of the $350 filing fee in installments. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20 % of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined[2]." 28 U.S.C. § 1915(a)(2). This action may not proceed until plaintiff has satisfied the statutory prerequisites[3]. He will be given time to submit his prison account information, and is forewarned that if he fails to do so within the time allotted, this action may be dismissed without further notice.

**SCREENING**

Because Mr. Kenemore is a prisoner, the court is required by statute to screen his initial pleading and to dismiss the action or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed for reasons that follow.

**FAILURE TO STATE A CLAIM**

As noted plaintiff does not specify a jurisdictional basis for this action. The court directed the clerk to file it as a petition for writ of mandamus generally because plaintiff requests that the

---

[2] Federal statutes provide that a prisoner seeking to bring a civil action in forma pauperis must also submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each prison at which he was or is confined. Id.

[3] The fact that Mr. Kenemore has previously been granted in forma pauperis status in other actions does not automatically entitle him to that status in this action. Instead, he is required by § 1915 to submit current financial information in each civil action or appeal that he files.

3

court order defendants to take actions, which he argues they are required to take by BOP regulations, and because the filing fee would be $5.00. However, plaintiff's allegations do not demonstrate the necessary elements for the issuance of a writ of mandamus.

Mandamus is a drastic remedy, which is to be used only in extraordinary situations. Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980). The requirements for issuance of a writ of mandamus are strict. Dalton v. United States, 733 F.2d 710, 716 (10th Cir. 1984). "In order to insure that the writ will issue only in extraordinary circumstances" the U.S. Supreme Court "has required that a party seeking issuance have no other adequate means to attain the relief he desires, (citations omitted), and that he satisfy the burden of showing" that his right to issuance of the writ is "clear and indisputable." Id. (citations omitted); In re Kozeny, 236 F.3d 615, 620 (10th Cir. 2000). When a decision is committed to the discretion of an agency official, a litigant generally will not have a clear and indisputable right to any particular result, and mandamus relief is inappropriate. See Daiflon, 449 U.S. at 36; Armstrong v. Cornish, 102 Fed.Appx. 118, 120 (10th Cir. 2004).

The court finds that plaintiff's allegations are not sufficient to show that his right to the relief he seeks is "clear and indisuptable." Plaintiff's factual allegations are that he requested a BP-8 form from defendant Swanson, who denied his request because plaintiff refused to discuss the basis for his grievance with defendant Swanson. Plaintiff asserts this was a violation of his constitutional rights and the regulations governing administrative grievances. As legal authority, he cites certain

4

provisions in the regulations[4] and argues they do not provide that a prison official can ask the reason for requesting a grievance form[5]. Plaintiff also asserts he has a "legal right" under 28 C.F.R. § 542 that has been violated. However, the BOP regulations cited by Mr. Kenemore do not support either proposition.

Contrary to plaintiff's suggestions, nothing in § 542 prohibits a prison official from asking an inmate who requests a BP-8 about the factual basis for his grievance. On the contrary, informal resolution requires that the inmate begin the grievance process by informally discussing and trying to resolve his grievance with the appropriate correctional counselor or officer. Thus, informal resolution assumes communication with staff, and perhaps even the staff member with whom the inmate has a grievance. 28 C.F.R. § 542.11(b) provides: "Inmates have the responsibility to use this Program in good faith and in an honest and straightforward manner."

---

[4] 28 C.F.R. § 542.10 provides in pertinent part:

(a) Purpose. The purpose of the Administrative Remedy Program is to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement. . . .

[5] The court notes plaintiff's allegations are not simply that defendants arbitrarily refused to provide him a grievance form, but that he refused to orally state the basis for his grievance and was denied a form for that reason. The Tenth Circuit has recognized that "administrative remedies are not 'available' when prison officials refuse to provide prisoners with grievance forms." Baldauf v. Garoutte, 137 Fed.Appx. 137, 141 (10th Cir. 2005)(citations omitted), cert. denied, 546 U.S. 1183 (2006); see also Johnson v. Wackenhut Corrections Corp., 130 Fed.Appx. 947, 950 (10th Cir. 2005)(stating "[c]ourts have held that refusing a prisoner grievance forms could raise an inference that the prisoner has exhausted 'available' administrative remedies")(citing Miller v. Norris, 247 F.3d 736, 738, 740 (8th Cir. 2001)). In Baldauf, the court also cited for comparison purposes: Watley v. Goodman, 31 Fed.Appx. 169, 170 (6th Cir. 2002)(dismissal proper in that prisoner was refused grievance forms because he did not follow procedure for requesting such forms, he did receive forms when he followed proper procedure, and he did "not allege that there was no other source for obtaining a grievance form or that he made any other attempt to obtain a form or to file a grievance without a form.") and Jones v. Smith, 266 F.3d 399 (6th Cir. 2001)(dismissal for failure to exhaust was proper because plaintiff failed to allege that the prison official who refused to provide a grievance form was the only source of those forms or that plaintiff made other attempts to obtain a form or file a grievance without a form). Baldauf v. Garoutte, 137 Fed.Appx. 137, 141 (10th Cir. 2005).

Plaintiff's refusal to discuss the basis for his grievance was hardly straightforward, and, as noted, might logically be viewed as his failure to comply with the regulation's requirement that he "first present an issue of concern informally to staff". Plaintiff makes no allegation that he had some valid reason, such as a fear of reprisal, to refuse to orally reveal his grievance to defendant Swanson. 28 C.F.R. § 542.11 pertinently provides:

> (a) The Community Corrections Manager (CCM), Warden, Regional Director, and General Counsel are responsible for the implementation and operation of the Administrative Remedy Program at the . . . institution, regional and Central Office levels, respectively, and shall:
>
> (1) Establish procedures for receiving, recording, reviewing, investigating, and responding to Administrative Remedy Requests (Requests) or Appeals (Appeals) submitted by an inmate . . . .

28 C.F.R. § 542.13 pertinently provides:

> (a) Informal resolution. Except as provided in § 542.13(b), an inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy. Each Warden shall establish procedures to allow for the informal resolution of inmate complaints.

The court finds plaintiff's allegations do not show that he complied with the regulations regarding informal resolution. Moreover, plaintiff's allegation that the Warden has established particular procedures at the USPL for informal resolution does not show any clear violation, but rather suggests compliance with the regulations.

Furthermore, plaintiff baldly alleges, but does not show, that he has no other means to obtain the relief he seeks, which is the

provision of a BP-8 form and to proceed with his grievance[6]. 28 C.F.R. § 542.14 pertinently provides:

> (a) Submission. The deadline for completion of informal resolution and submission of a formal written Administrative Remedy Request, on the appropriate form (BP-9), is 20 calendar days following the date on which the basis for the Request occurred.
>
> (b) Extension. Where the inmate demonstrates a valid reason for delay, an extension in filing time may be allowed. In general, valid reason for delay means a situation which prevented the inmate from submitting the request within the established time frame. Valid reasons for delay include the following: an extended period in-transit during which the inmate was separated from documents needed to prepare the Request or Appeal; an extended period of time during which the inmate was physically incapable of preparing a Request or Appeal; an unusually long period taken for informal resolution attempts; indication by an inmate, verified by staff, that a response to the inmate's request for copies of dispositions requested under § 542.19 of this part was delayed.
>
> (c) Form.
>
>> (1) The inmate shall obtain the appropriate form from CCC staff or institution staff (ordinarily, the correctional counselor).

Mr. Kenemore does not refer to 28 C.F.R. § 542.17(c), which pertinently provides:

> (c) Appeal of rejections. When a Request or Appeal is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection, including a rejection on the basis of an exception as described in § 542.14(d), to the next appeal level. The Coordinator at that level may affirm the rejection, may direct that the submission be accepted at the lower level (either upon the inmate's resubmission or direct return to that lower level), or may accept the submission for filing. The inmate shall be informed of the decision by delivery of either a receipt or rejection notice. For essentially the same reasons, plaintiff's

---

[6] Plaintiff provides the court with no hint as to the factual basis for his grievance. If the matter he is grieving does not implicate the violation of a federal constitutional right, for example, if his grievance is that a correctional officer spoke to him in a disrespectful manner, then he states no claim under 28 U.S.C. § 1331 for that reason. Plaintiff has no independent federal constitutional right to a prison grievance procedure.

>allegations are insufficient to state a federal civil rights claim under 28 U.S.C. § 1331.

Thus, where a prisoner is unable to obtain relief from his Unit Team, an Administrative Remedy Coordinator may accept administrative remedy submissions that are not in technical compliance. The coordinator also may waive the informal resolution tier and may accept forms submitted directly to the Warden's office where sensitive issues are presented. Coordinators at the regional and national levels also have discretion to accept such remedies. Mr. Kenemore does not allege facts indicating he made any attempt to obtain a BP-8 form from another source, to proceed with his grievance by filing a BP-9 stating therein that he felt he had been wrongfully denied a BP-8 form, or that he filed an administrative grievance based on Swanson's refusal to provide him a BP-8.

If plaintiff chooses to proceed in this action as a petition for writ of mandamus, he must satisfy the $5.00 filing fee and allege additional facts to show his entitlement to the issuance of a writ of mandamus.

While Mr. Kenemore's failure to allege sufficient facts could defeat his mandamus claim in the ways discussed, it might also indicate that he has not properly and fully exhausted available administrative remedies on his claim.[7] If the facts of this case

---

[7] It has long been established that exhaustion of all available administrative remedies is a prerequisite to a federal prison inmate seeking judicial review of administrative action by the BOP. See Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir.1986); see also Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); McClung v. Shearin, 90 Fed.Appx. 444, 445 (4th Cir. 2004)(citing Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2nd Cir. 2001); Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir. 1981)). Administrative exhaustion is generally required for three valid reasons: (1) to allow the agency to develop a factual record and apply its expertise, which facilitates judicial review; (2) to permit the agency to grant the relief requested, which conserves judicial resources; and (3) to provide the agency the opportunity to correct its own errors, which "fosters administrative autonomy". See Moscato v. Federal BOP, 98 F.3d 757, 761-62 (3rd Cir. 1996). There are "limited exceptions" to the exhaustion

ultimately show plaintiff failed to exhaust available administrative remedies[8], the case will be dismissed on that basis.

For essentially the same reasons, the court finds plaintiff's allegations are insufficient to state a federal civil rights claim under 28 U.S.C. § 1331[9]. If plaintiff chooses to proceed in this action as one against individual federal officials under 28 U.S.C. § 1331, he will be assessed the filing fee of $350.00 as discussed earlier herein, and he must allege additional facts sufficient to show the violation of a federal constitutional right.

Plaintiff will be given time to notify the court of the jurisdictional basis for his action and to allege additional supporting facts, as well as to satisfy the statutory filing fee prerequisites.

**MOTION FOR PRELIMINARY RELIEF**

Plaintiff's request for immediate relief either in the form of a preliminary injunction or a temporary restraining order is denied at this juncture without prejudice. In support of his request, plaintiff claims that if the court does not immediately grant the requested relief, the time limits within which he must submit his administrative remedy will expire and he will be left with no

---

prerequisite, including "a narrow futility exception." Such exceptions "apply only in 'extraordinary circumstances,' and [petitioner] bears the burden of demonstrating the futility of administrative review." See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994)(citations omitted).

[8] "To exhaust administrative remedies an inmate must properly comply with grievance procedures; substantial compliance is insufficient." Fields v. Okla. State Pen., 511 F.3d 1109, 1112 (10th Cir. 2007)(citing 42 U.S.C. § 1997e(a)).

[9] Federal officials may be individually liable under Bivens and 28 U.S.C. § 1331 for constitutional violations performed under color of federal authority.

redress of his grievance.  He makes the conclusory statement that he has no other available administrative remedy or adequate remedy at law.  He further states in only the most conclusory terms, that "there is a likelihood of success on the merits," he will suffer irreparable harm if an injunction is not issued, that the "balance of hardship tips decidely" in his favor, and that "the public interest favors granting" him relief.  He additionally claims in conclusory fashion that an injunction should issue "to preserve the status quo" without notice to defendants.

To obtain a preliminary injunction, the movant must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest.  <u>Schrier v. University of Co.</u>, 427 F.3d 1253, 1258 (10th Cir. 2005); <u>Kikumura v. Hurley</u>, 242 F.3d 950, 955 (10th Cir. 2001).  "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal."  <u>Greater Yellowstone Coal. v. Flowers</u>, 321 F.3d 1250, 1256 (10th Cir. 2003).

Plaintiff's allegations in support of his request for an immediate order are nothing more than "conclusory reiterations of the requirements for an injunction couched in the form of declarative statements."  <u>Blango v. Thornburgh</u>, 942 F.2d 1487, 1493 (10th Cir. 1991).  Rather than simply reciting what elements must be shown, plaintiff was required to allege facts establishing the actual existence of each element.  This he has utterly failed to do.  The court finds that plaintiff has not alleged a factual basis

establishing (1) a substantial likelihood of success on the merits[10]; (2) irreparable harm if the injunction is denied[11]; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause; and (4) that the injunction, if issued, will not adversely affect the public interest. Certainly, plaintiff has not shown a "clear and unequivocal" right to the relief he requests.

**REQUEST TO WAIVE NOTICE REQUIREMENTS**

Plaintiff's request that the requirement of notice to the parties be waived is denied. This request is based only upon the fact that he is incarcerated. That fact, standing alone, does not establish that he is prevented him from producing and mailing copies to parties when such notice is required.

**MOTION FOR SUMMONS**

Plaintiff has filed a motion for the court to issue summons. This motion is denied as premature. If this action survives screening, then this court will automatically order issuance of summons.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to state the jurisdictional basis for this action and to submit the financial information required to support his motion

---

[10] For the reasons stated herein showing plaintiff has not alleged sufficient facts to state a claim of federal constitutional violation, the court also finds that at this point he has not show a substantial likelihood on the merits.

[11] Since plaintiff does not reveal the factual basis for the grievance he intends to pursue, no finding can be made that he will suffer irreparable harm if it is not addressed in a timely fashion.

11

to proceed without prepayment of the appropriate fee amount.

**IT IS FURTHER ORDERED** that within the same thirty (30) day period plaintiff must allege additional facts sufficient to entitle him to the issuance of a writ of mandamus or to support a claim of federal constitutional violation under 28 U.S.C. § 1331, or otherwise show cause why this action should not be dismissed for the reasons stated in this Memorandum and Order.

**IT IS FURTHER ORDERED** that petitioner's request for preliminary relief in the form of an injunction or temporary restraining order is denied, without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's request to waive notice requirements and Motion for Issuance of Summons (Doc. 2) are denied, without prejudice.

The clerk is directed to send plaintiff forms for a civil rights action under 28 U.S.C. § 1331.

**IT IS SO ORDERED.**

DATED: This 9th day of June, 2010, at Topeka, Kansas.

<u>s/RICHARD D. ROGERS</u>
**United States District Judge**